BOND, Respondent, vs. CARROLL, Sheriff, etc., and another, Appellants.

*March 3 — March 27, 1888.*

*(1) Estoppel: Title of common grantor. (2, 3) Mortgages: Foreclosure by advertisement: Evidence.*

1. Where both parties derive title from the same source the defendant is estopped to deny that the common grantor had title.

2. The printer's affidavit of the publication of the notice of sale on foreclosure of a mortgage by advertisement, with the notice attached, was in evidence, as was also the affidavit of the deputy sheriff who acted as auctioneer, stating the time and place of the sale, the sum bid, and the name of the purchaser. These affidavits were made and recorded pursuant to secs. 3536, 3537, R. S. The notice of sale stated that it was given by virtue and in pursuance of a power of sale contained in the mortgage. The sheriff's deed was also in evidence, which recited, among other things, that the mortgage contained a power of sale, and that the sale was made pursuant to such power. *Held*, sufficient, in the absence of evidence to the contrary, to prove that the mortgage contained a power of sale and that the proceedings to foreclose it were regular.

[3. Whether sec. 4154, R. S., applies to a sheriff's deed given upon the foreclosure of a mortgage by advertisement, not determined.]

APPEAL from the Circuit Court for *St. Croix* County. The facts will sufficiently appear from the opinion. The defendants appeal from a judgment in favor of the plaintiff.

*Armstrong Taylor*, for the appellants.

*F. J. McLean*, for the respondent.

COLE, C. J. This is an action to restrain the sale of real estate to satisfy a mechanic's lien in favor of the defendant *Clapp*. The plaintiff claims title to the land under a sheriff's deed given on the foreclosure of a mortgage. The mortgage foreclosure was by advertisement, and the sale was prior to the mechanic's lien. It is objected that the evidence does not show that the party giving the mortgage

had title to the land and the right to mortgage it. This objection is not well taken, for this reason,— if no other existed,— that both parties derive title from the same source. Lawson H. Rice executed the mortgage in question in March, 1882, to one Jensen, and he afterwards conveyed an undivided half of the premises to Sweet, against whom the defendant *Clapp* claims a lien for lumber and materials furnished for the erection of a house on the premises, in the summer of 1883. Besides, the court below found that Rice was the owner of the premises when he executed the mortgage, and there is evidence to sustain this finding.

Now, if we comprehend the other objections taken to the judgment they all resolve themselves into the contention that the plaintiff failed to prove that the mortgage contained a power of sale and that the proceedings to foreclose it were regular. The bill of exceptions states that certain exhibits, attached thereto and marked, were put in evidence; also that certain abstracts of title were put in evidence without objection. Among the exhibits is an affidavit of the publication of a notice of sale, made by the printer of the newspaper in which the same was inserted, with the notice of sale attached thereto; and an affidavit of the deputy sheriff who acted as auctioneer at the sale, stating the time and place at which the same took place, the sum bid, and the name of the purchaser. These affidavits were made and recorded, so as to perpetuate the proof of the sale, pursuant to sec. 3536, R. S., and were made by statute presumptive evidence of the facts therein contained. Sec. 3537. The notice of sale states that it was given by virtue and in pursuance of a power of sale contained in the mortgage. The sheriff's deed was likewise put in evidence, which, among other things, recites that the mortgage contained a power of sale, and that the sale was made pursuant to such power. It seems to us that the evidence given was amply sufficient to establish a *prima facie* case that

there had been a legal forcclosure of the mortgage. Certainly, in the absence of all evidence to the contrary, the presumption must be that the mortgage contained a power of sale and that the proceedings to foreclose the same were regular. The certificate of sale and the sheriff's deed were given in evidence, and the statute makes the former evidence of the facts therein contained. Sec. 3532. The sheriff's deed is very full in its recitals, stating that default was made in the payment of the sum secured by the mortgage; that notice of the sale was given and the sale made to the mortgagee, he being the highest and best bidder. The learned counsel for the plaintiff insists that sec. 4154 applies to the case, and declares what effect the sheriff's deed shall have as evidence. That section, in effect, provides that every conveyance of land which has been duly executed by any sheriff or other person by virtue of or in pursuance of any judgment, order, or license, shall be received, without any other proof of the previous proceedings, as presumptive evidence of the facts therein stated. We have great doubt whether this section applies to the deed in question; but, without deciding the point, upon the whole case we fully agree with the court below in the view that the testimony shows that the foreclosure and sale were made in substantial compliance with the statute.

As intimated, the proof shows that the mortgagee, Jensen, bid in the property at the foreclosure sale. It appears that he afterwards assigned the certificate of sale to the plaintiff, who received the sheriff's deed when due. An unsuccessful effort was made to show that the mortgage debt was paid to Jensen for the purpose of extinguishing the lien, but the court found against that view, and that the certificate was duly assigned to the plaintiff, who paid the amount due upon it. The evidence is most clear and satisfactory that the plaintiff bought the certificate, and intended, when he did so, to take the sheriff's deed upon it. He sup-

posed that he had a subsequent mortgage on the same property which he wished to protect. It is evident he had no purpose of extinguishing the lien when he purchased the certificate, but intended to keep it alive. He has become the owner of the property under a prior and paramount lien, and is clearly entitled to the relief granted him by the court below.

The judgment of the circuit court must therefore be affirmed.

*By the Court.*— Judgment affirmed.